## Richmond

TERRY WAYNE HARRISON v. COMMONWEALTH OF VIRGINIA.

June 15, 1970.

Record Nos. 7324 and 7325.

Present, All the Justices.

*Charles H. Winberg* (*Winberg and Proffit*, on brief), for plaintiff in error in Record Nos. 7324 and 7325.

*William T. Lehner, Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error in Record Nos. 7324 and 7325.

SNEAD, C.J., delivered the opinion of the court.

Terry Wayne Harrison, defendant, was tried by the court without a jury on pleas of not guilty to two indictments charging him with feloniously uttering checks with intent to defraud (Code, § 6.1-115). Without objection, the charges were tried at the same hearing. The court found defendant guilty on both indictments and imposed a three-year sentence on each, to run concurrently. To these judgments we awarded defendant writs of error.

With regard to Indictment No. 1 (Record No. 7325), the evidence shows that on May 29, 1967, Harrison, the defendant, entered McGuire Television Center in Chesterfield county and purchased a portable television set from Clifford A. Shaw, a partner in the business establishment; that at the time of the transaction defendant delivered in payment a check drawn by him on the Bank of Virginia in the sum of $133.85 payable to the company, and that in due course the check with a slip attached was returned by the drawee bank without crediting the amount of it to the company's account. When the Commonwealth introduced the check, defendant objected to the slip bearing a notation from the bank which apparently stated the reason for the return of the check. He contended that it was hearsay, and that "[a]ny evidence along those lines must come from the bank officials." The court sustained the objection and only the check itself was accepted in evidence. That ruling is not before us.

Shaw testified that he attempted to locate defendant by telephone and by sending one of his servicemen to the address printed on defendant's check, but was unsuccessful. He also stated that on advice of a detective he did not send defendant a registered letter notifying him of the returned check.

The trial on Indictment No. 2 (Record No. 7324) discloses these facts: On May 26, 1967, defendant entered Branch's T.V. Sales & Service and purchased from Amos Stewart, the owner, a portable television set for $144.15. A check for that amount was drawn by defendant on the Bank of Virginia payable to "Branch's T.V." and delivered to Stewart at the time for the purchase. The check was returned to the payee and no credit was applied to the store's account. The unpaid check was admitted in evidence, but the court refused to admit any notation from the bank as to why it was returned.

Stewart testified that he wrote a registered letter to defendant at the address printed on the check but it was returned.

The record shows that subsequent to defendant's arrest and before trial someone on behalf of defendant paid the holders of the checks the amounts due thereon.

The defendant challenges the sufficiency of the evidence to convict on each indictment.

The offenses charged in the indictments are under Code, § 6.1-115 which provides in part:

"Any person who, with intent to defraud, shall make or draw or

utter or deliver any check, draft, or order for the payment of money, upon any bank, banking institution, trust company, or other depository, knowing, at the time of such making, drawing, uttering or delivering, that the maker or drawer has not sufficient funds in, or credit with, such bank, banking institution, trust company, or other depository, for the payment of such check, draft or order, although no express representation is made in reference thereto, shall be guilty of larceny."

Defendant contends that the evidence of the Commonwealth does not establish that he had the requisite intent to defraud when he uttered either check. Under Code, § 6.1-117[1] when a check is returned by the drawee because of lack of funds or credit such return shall be prima facie evidence of intent to defraud or of the knowledge that there was not sufficient funds or credit, unless the drawer or someone for him pays the holder within five days after receiving notice of dishonor by certified or registered mail the amount due. Also if a check is drawn on a bank in which the drawer has no account, it shall be presumed that such check was issued with intent to defraud and the five-day notice stated above is not required.

The statute expressly requires that for the refusal of the check to be prima facie evidence of fraudulent intent the check be refused for lack of funds or credit or because the drawer has no account with the drawee. There was no evidence before the court in either of these cases to show why payment on these checks was refused or that defendant had no account with the drawee bank. Thus the Com-

---

[1] "§ 6.1-117—In any prosecution or action under the preceding sections, the making or drawing or uttering or delivery of a check, draft, or order, payment of which is refused by the drawee because of lack of funds or credit shall be prima facie evidence of intent to defraud or of knowledge of insufficient funds in, or credit with, such bank, banking institution, trust company or other depository unless such maker or drawer, or someone for him, shall have paid the holder thereof the amount due thereon, together with interest, and protest fees (if any), within five days after receiving written notice that such check, draft, or order has not been paid to the holder thereof. Notice mailed by certified or registered mail, evidenced by return receipt, to the last known address of the maker or drawer shall be deemed sufficient and equivalent to notice having been received by the maker or drawer.

"If such check, draft or order shows on its face a printed or written address, home, office, or otherwise, of the maker or drawer, then the foregoing notice, when sent by certified or registered mail to such address, with or without return receipt requested, shall be deemed sufficient and equivalent to notice having been received by the maker or drawer, whether such notice shall be returned undelivered or not.

"When a check is drawn on a bank in which the maker or drawer has no account, it shall be presumed that such check was issued with intent to defraud, and the five-day notice set forth above shall not be required in such case."

monwealth cannot rely on § 6.1-117 for prima facie evidence of intent.

■ The Commonwealth argues that a fraudulent intent can be inferred from the fact that the two checks given within three days of each other were both returned unpaid. The record does not show that the Commonwealth raised this point in the court below. Further, there is no evidence in the record that these utterings were a scheme or were part of an overall plan to defraud. Without some evidence of intent or knowledge in at least one of these utterings the Commonwealth cannot rely on one to prove defendant's intent in the other. To do so would be to allow an inference upon an inference. There was no affirmative evidence adduced in either case to establish any such intent or knowledge.

We hold that the Commonwealth failed to establish an essential element, intent to defraud, of the crimes charged. The evidence is therefore insufficient to sustain the convictions. Accordingly, each case is reversed and remanded for a new trial, if the Commonwealth be so advised.

*Reversed and remanded.*