## Richmond

ROBERT BRUCE HUNTT v. COMMONWEALTH OF VIRGINIA.

March 6, 1972.

Record No. 7773.

Present, Snead, C.J., Carrico, Gordon, Harrison, Cochran and Harman, JJ.

*Lowry J. Miller,* for plaintiff in error.

*William P. Robinson, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

HARMAN, J., delivered the opinion of the court.

Robert Bruce Huntt (defendant or Huntt) was convicted by a jury in the trial court of grant larceny by check, a violation of Code § 6.1-115. He was sentenced to serve four months in jail and to pay a fine of $500 in accordance with the jury's verdict.

This appeal turns on whether the evidence is sufficient to support that verdict. The defendant argues that the evidence is insufficient in many respects. We need consider only two, namely, (1) the evidence fails to establish that the check was made with knowledge of insufficient funds, and (2) the evidence fails to show the requisite intent to defraud.

When the sufficiency of the evidence is challenged after conviction it is our duty to view it in the light most favorable to the Commonwealth, granting all reasonable inferences fairly deducible there-

from. *Patler* v. *Commonwealth*, 211 Va. 448, 457, 177 S.E.2d 618, 624 (1970).

The evidence establishes that Huntt opened two checking accounts in Arlington County on August 19, 1970. One account in the name of R. B. Huntt was opened at the Barcroft Branch of the Arlington Trust Company (Arlington Trust) located at Columbia Pike and George Mason Drive. Huntt deposited $20 in this account and signed the account signature card as R. B. Huntt in the presence of Doris Rowland, an employee of Arlington Trust.

On the same day Huntt opened an account in the name of Robert B. Huntt at the office of the Virginia National Bank (Virginia National) at 3709 Columbia Pike. He deposited $20 in this account and signed the account signature card as Robert B. Huntt in the presence of Sandra Fuentes, an employee of Virginia National.

Also on the same date an unidentified man presented a check to Chuck Maples, a teller employed by Virginia National at its branch at 5510 Columbia Pike in Arlington County. This check in the amount of $700, drawn on Arlington Trust, was dated August 19, payable to Robert B. Huntt and was signed R. B. Huntt. Maples, at the man's request, made what he called "a split deposit, giving the man $400 in cash and depositing $300 in the account of Robert B. Huntt. No endorsement appears on this check.

The testimony of three witnesses establishes that the signature on the $700 check was Huntt's.

When the $700 check was received by Arlington Trust for payment on August 25, 1970, there were insufficient funds in the account to pay it and the check was stamped "insufficient funds" [1] and returned to Virginia National.

The only evidence to show what, if any, transactions occurred in connection with Huntt's account at Arlington Trust after it was opened is the evidence of an employee of Arlington Trust that Huntt's account would have been overdrawn by $608[2] if the $700 check had been paid when it was presented for payment on August 25. This was not sufficient to show the status of the account throughout the day on which the check was drawn.

---

[1] Code § 6.1-117.1 provides, in part: "In any prosecution or action under the preceding sections, any notation attached to a check, draft or order which is refused by the drawee because of lack of funds or credit, bearing the terms 'not sufficient funds' . . . or words of similar import, shall be prima facie evidence that such notation is true and correct."

[2] This is probably a typographical error but we must rely on the transcript as certified to us by the trial court.

There is no evidence as to the hour when the two checking accounts were opened. We do know, however, that both checking accounts were opened prior to the time that the "split deposit" occurred since the account number assigned to Huntt's Arlington Trust account was on the $700 check when it was presented to Maples and the account number assigned to Huntt's Virginia National account was on the deposit slip at the time the "split deposit" transaction took place.

At the conclusion of the Commonwealth's evidence, upon the defendant's motion to require an election, the Commonwealth elected to proceed against the defendant on the ground that he "did make" the check in question.[3]

Code § 6.1-115 provides, in part:

"Any person who, with intent to defraud, shall make or draw or utter or deliver any check . . . upon any bank . . . , knowing at the time of such making, drawing, uttering or delivering, that the maker or drawer has not sufficient funds in, or credit with, such bank . . . for the payment of such check . . . , although no express representation is made in reference thereto, shall be guilty of larceny."

The statute requires the Commonwealth to establish both the intent to defraud and knowledge of insufficient funds in order to convict the defendant.

The gravamen of the offense created by this statute is the intent to defraud. Such intent is an indispensable element of the crime and the burden is upon the Commonwealth to prove its existence at the time of drawing or uttering the check. *Rosser v. Commonwealth*, 192 Va. 813, 816, 66 S.E.2d 851, 853 (1951).

Because of the difficulty encountered in proving the requisite intent to defraud and knowledge of insufficient funds the General Assembly adopted Code § 6.1-117. That section creates a rebuttable presumption of the necessary intent and knowledge if a dishonored check is not paid within five days after giving of the notice specified in the statute. Such notice was not given here so the presumption has no application to this case. *Harrison v. Commonwealth*, 211 Va. 8, 174 S.E.2d 783 (1970).

The question then is whether the evidence before us and the rea-

---

[3] The indictment contains a single count which charges that the defendant did ". . . feloniously and with intent to defraud, make, draw and utter . . ." the check.

sonable inferences therefrom are sufficient to carry the burden resting on the Commonwealth to prove the defendant's intent to defraud and his knowledge of insufficient funds.

There is no evidence of Huntt's intent at the time the check was signed by him. We do not know who presented it for "split deposit." As we pointed out earlier there is no evidence to show the status of Huntt's account throughout the day on which the check was drawn. The evidence is silent except to show that this account would have been overdrawn by $608 if the $700 check had been paid when it was presented for payment on August 25, six days after the check was drawn.

While the opening of two checking accounts and the other circumstances shown by the evidence created a strong suspicion or probability of guilt, this is not sufficient as the evidence must establish the guilt of the accused beyond a reasonable doubt. The guilt of a party is not proved merely because the facts are consistent with his guilt. They must be inconsistent with his innocence. *Cameron* v. *Commonwealth*, 211 Va. 108, 110-11, 175 S.E.2d 275, 276 (1970).

We hold that the Commonwealth has failed to meet this burden so the judgment below is reversed and the case is remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*