## Richmond

EDDIE LEE PATTERSON v. COMMONWEALTH OF VIRGINIA.

October 10, 1975.

Record No. 750276.

Present, All the Justices.

*Donald G. Wise*, for plaintiff in error.

*John R. Alderman*, Special Assistant Attorney General (*Andrew P. Miller*, Attorney General, on brief), for defendant in error.

Per Curiam.

The defendant, Eddie Lee Patterson, who waived trial by jury, was found guilty by the trial court on each of sixteen separate counts in an indictment charging grand larceny by checks in violation of Code § 6.1-115. He was sentenced to one year in the State penitentiary on each count, with ten of the sixteen years suspended.

Defendant contends that the evidence was insufficient to sustain his conviction. We do not agree.

The evidence shows that between November 12 and December 26, 1973, Patterson drew five checks on the Virginia National Bank and

eleven on the Bank of Virginia-Tidewater. Patterson's Virginia National Bank account had been closed since September 14, 1972, and his Bank of Virginia account was closed November 5, 1973.

Eight of the checks were cashed at the American National Bank and eight at the Citizens Trust Bank. Each check was made payable to Lee Patterson or Lee Paterson, and was so endorsed on the back. Patterson had opened a small savings account at the American National Bank on November 13, 1973, and one at the Citizens Trust Bank on December 18, 1973. Some of the checks bore the identifying numbers of these savings accounts when they were cashed at the two banks.

A handwriting expert testified that he had compared Patterson's handwriting samples with the signatures on all the checks, and stated that Patterson was the person who had signed and endorsed each of them.

An employee of the Virginia National Bank testified that Patterson admitted to her that he had drawn some of the checks on that bank. She said he promised that either his father or his brother-in-law would make the checks good.

At his trial, Patterson denied that he had either drawn or endorsed any of the sixteen checks. He said none of the handwriting on the checks was his.

Patterson contends that the evidence was insufficient to sustain his conviction because there was no direct evidence that he cashed or uttered the checks. He relies on *Huntt* v. *Commonwealth*, 212 Va. 737, 187 S.E.2d 183 (1972), and *Rosser* v. *Commonwealth*, 192 Va. 813, 66 S.E.2d 851 (1951), but these cases do not support his position.

Code § 6.1-115, in pertinent part, provides:

> "Any person who, with intent to defraud, shall *make or draw or utter or deliver* any check . . . knowing . . . that the maker or drawer has not sufficient funds . . . or credit . . . for . . . payment . . . shall be guilty of larceny." (Emphasis added.)

■ The language "make or draw or utter or deliver" is in the disjunctive and there is nothing in the statute to indicate that "or" should be read to mean "and." Thus, "or" is to be given its ordinary meaning. *See South East Pub. Service Corp.* v. *Commonwealth*, 165 Va. 116, 122, 181 S.E. 448, 450 (1935).

■ Under the statute, the gravamen of the offense is the intent

to defraud. Such intent is an essential element of the crime, and the burden is on the Commonwealth to prove that it existed at the time the checks were drawn or uttered. *Huntt, supra,* 212 Va. at 739, 187 S.E.2d at 185; *Rosser, supra,* 192 Va. at 816, 66 S.E.2d at 853.

Code § 6.1-117 provides, in part, that:

> "When a check is drawn on a bank in which the maker or drawer has no account,[1] it shall be presumed that such check was issued with intent to defraud. . . ."

This statutory presumption defines a rule of evidence which may be relied upon by the Commonwealth to facilitate proof of the fraudulent intent of the drawer. The presumption is rebuttable. *Cook v. Commonwealth,* 178 Va. 251, 258, 16 S.E.2d 635, 638 (1941).

Here the evidence shows that Patterson drew and endorsed checks on banks where he knew his accounts had been closed. These facts gave rise to the presumption, which was not rebutted, that Patterson drew and endorsed the checks with fraudulent intent. The offenses were committed when he drew the checks and endorsed them with intent to defraud. Thus, it was not essential for the Commonwealth to prove that Patterson personally presented the checks and received payment therefor.

For the reasons stated, the judgments are

*Affirmed.*

---

1. There is no distinction between a checking account which does not exist and one which has been closed.