## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Tannery House Condominium
Unit Owners Association et al.

v.

Development Resources, Inc., et al.

August 20, 1986

Case No. (Law) 9168

## By JUDGE ALFRED D. SWERSKY

This matter was before the Court for reconsideration of a ruling of Judge Snead with regard to pleas in bar made by the Defendants in this case. In addition, the demurrers of the Defendants to certain counts were also to be considered. At the scheduled hearing, which was granted to discuss the impact of the *Cape Henry Towers* case on Judge Snead's ruling, I expressed some concern that, with regard to the pleas in bar, the dates of accrual of the causes of action might be different with respect to the various counts contained in the Motion for Judgment. Counsel were offered the opportunity to address this issue further in briefs if they chose. For ease of disposition, I will address each count seriatim.

## Count I - Breach of Warranty

Plaintiffs allege a breach of the statutory warranty granted to them by Code of Virginia, § 55-79.79(b). This section of the Code, as it existed at the time suit was filed, granted to Plaintiffs a warranty from declarant (DRI) against structural defects for two years. DRI concedes in its memorandum that the warranty would begin to run on the date of the first conveyance of a unit of Tannery House which occurred on August 24, 1978. Further, it is stipulated that the last attempts at repairs were made in "late 10/79, 11/79" and by letter dated January 9, 1980, DRI advised Mr. Downey that the repairs had been completed. In addition, it is stipulated that DRI, by and through its President, promised to stand by its warranty and fix major problems that may occur. It is obvious that DRI had a statutory, if not contractual, obligation to repair the premises until August 24, 1980.

Since this count sounds in contract, the date the cause of action accrued would be the date of the breach. See *County School Board* v. *Beiro*, 223 Va. 161 (1982), and *Virginia Military Institute* v. *King*, 217 Va. 751 (1977). The date that the contract was breached is certainly no earlier than the January 9, 1980, date, at which time DRI concluded that its efforts had been successful and no further action would be taken with regard to the defects. Measured from that date, clearly, the statute of limitations had not expired by the time suit was filed. For these reasons, the plea in bar of DRI to this count must be denied.

## Count II - BOCA Violations

It is clear that this count sounds in negligence. The period of limitations would be five years under any theory because it involves damage to property at the time of the wrongful act.

The accrual date of this cause of action is, therefore, the determining factor. It is clear that the cause of action for negligence in the construction of the condominium arose in February of 1979. According to the stipulation, on February 25, 1979, water seepage in the walls of Tannery House was observed by members of the Unit Owners Association following a rainstorm.

The one recurring theme in those cases dealing with accrual of causes of action is that the cause of action and the right of action will accrue at the time of injury, regardless of the difficulty in ascertaining the injury and regardless of the degree of injury. In other words a slight injury is enough to trigger the statute of limitations. See *Caudill* v. *Wise Rambler*, 211 Va. 11 (1969); *Locke* v. *Johns-Manville*, 221 Va. 951 (1981); and *First Virginia Bank* v. *Baker*, 225 Va. 72 (1983).

Plaintiff argues that there was a "tolling" of the statute of limitations or that the defendants are estopped to rely on the statute of limitations. Both of these arguments must fail. In Virginia there is no "tolling" of the statute of limitations for other than statutory reasons. See *Quackenbush* v. *Isely*, 154 Va. 407 (1936), and *Boykins Narrow Fabrics* v. *Weldon Roofing*, 221 Va. 81 (1980). Plaintiffs allege other than a statutory basis for the tolling of the statute.

In *Boykins, supra*, the court dealt with the question of estoppel as well. The court held that there are six elements to estoppel that must be proved by clear, precise and unequivocal evidence. They are:

1. A material fact was falsely represented or concealed;

2. The representation or concealment was made with knowledge of the facts;

3. The party to whom the representation was made was ignorant of the truth of the matter;

4. The representation was made with the intention that the other party should act upon it;

5. The other party was induced to act upon it; and

6. The party claiming estoppel was misled to his injury.

Here, plaintiffs allege that estoppel arises by virtue of the representation of the promise to correct the defects. Inferred from this is the argument that Plaintiffs were lulled into inaction by this fraudulent promise. If there is, as alleged, a misrepresentation of a material fact, it could not have been relied upon to the detriment of Plaintiffs since the last promise with respect to the correction of the defects was made in January of 1980, some four years before the running of the applicable statute of limitations. In order for there to be an estoppel in this situation, the misrepresen-

tation must have been such as to conceal the discovery of the cause of action, to actually conceal the cause of action, or in some way to prejudice the Plaintiffs from bringing their cause of action by virtue of misrepresentation as to when the statute of limitations would run. In short, the misrepresentation must in some way affect the applicable statute of limitations. Since the fraudulent concealment must have the effect of debarring or deterring the Plaintiffs from action, and since the last alleged misrepresentation occurred some four years prior to the running of the statute of limitations, the Court finds that there is no basis for alleging an estoppel on the part of the Defendants to claim the applicable statute of limitations. For these reasons the plea in bar as to Count II will be sustained.

### Count III - Fraud

The plea in bar to this court depends on the applicable period of limitation as well as the date of accrual of the cause of action. It is true that the statute of limitations on this count does not begin to run until Plaintiffs discovered or, by the exercise of due diligence, should have discovered Defendants' fraud. Section 8.01-249. Nowhere in the stipulation of facts or in the myriad of briefs filed in this case is there any agreement as to the date the Plaintiffs discovered or ought to have discovered the alleged fraud of the Defendants.

However, there is also a question as to whether the one-year statute of limitations applies or the five-year statute of limitations for damage to property applies. The fraud alleged is the repeated assurance by DRI "by and through its agents," that the water leakage "had been, or would be, corrected." It is further alleged that the Defendants never corrected the construction deficiencies as promised, but merely performed "stopgap measures intended to conceal the gravity of the structural deficiencies for a period of time." There is a reference in Plaintiffs' brief filed with the Court on May 8, 1985, that Plaintiffs did not discover the defective construction and the alleged concealment of the defects until "the report produced in 1983." See Plaintiffs' initial brief at p. 13.

The issue of which period of limitations applies was not briefed by any party. An opportunity should be

given to the parties to address this issue in view of the Supreme Court's holding in *Pigott* v. *Moran*, 2 V.L.R. 1416, 231 Va. 76 (March 7, 1986). For these reasons the plea in bar will be denied without prejudice to the Defendants to raise it at a future time.

Furthermore, the Defendants have demurred to this count on the grounds that the fraud was not alleged with particularity; that the fraud alleged involved a promise to do something in the future; that there is no class action for fraud; and that there was no claim of any fraud on the part of the Defendant Michael, as there is no allegation of a duty owed. The fraud alleged in Count III is not alleged with sufficient particularity and the demurrers ought to be sustained. There appear to be two allegations of fraud, first on the part of the partnership (DRI), by and through its unidentified agents. It is not clear whether Keyser and Michael are alleged to be those agents. Any misrepresentation amounting to a promise to something in the future would not be actionable and an allegation that repairs had been made would not be actionable unless alleged to have been made with an intent to defraud. The second allegation that the Defendants performed "stopgap measures intended to conceal the gravity of the structural deficiencies for a period of time" does not meet the particularity requirements for pleading fraud under Virginia law. Paragraph 32 of the Motion for Judgment is a conclusory statement adding no particularity to the count. Plaintiffs will be given leave to amend Count III if they so desire.

### Count IV - Breach of Contract - Michael

This count alleges that the plaintiffs are third party beneficiaries of the contract between Michael and DRI. Since it is an action based on contract, the applicable period of limitations would be five years. Breach on the part of Michael is alleged in two respects. The first by designing the condominium with structural defects. This allegation is covered by the case of *VMI* v. *King*, 217 Va. 751 (1977). In that case the court ruled that a cause of action for improper design accrued when the plans were finally approved. It is not clear from the stipulation as to what date the plans were approved; however, it is obvious that this had to have occurred before August

24, 1978, the date of the first conveyance. Therefore, under § 8.01-250 of the Virginia Code, the five-year limitation would have begun to run at the time the plans were approved. Therefore, any action against Michael for alleged defective design is barred by the statute of limitations.

However, it is further alleged that Michael failed to "prevent or correct structural defects." In the *VMI* case, *supra*, the court held that the architect's contract was divisible, calling for supervision of construction as well as design. Here the documents reveal the same type contract. The question to be addressed on the issue of the breach of contract in the supervision of construction is whether or not Michael performed sufficient services subsequent to February of 1979 to extend their obligation under the contract. Since the contract does call for Michael to supervise the entire construction and, further, it being clear from the stipulation that some services were performed, no matter how minor, subsequent to August of 1979 by Michael, it is clear that the plea in bar as to the alleged breach of contract for failure to properly supervise the construction is not barred by the statute of limitations and the plea in bar will be denied as to that portion of Count IV.

Michael has demurred to this count on the grounds that Plaintiffs could not, as a matter of law, be third-party beneficiaries to its contract with DRI. While Virginia has a statute governing the rights of third party beneficiaries (§ 55-22), it does not change the rule that the instrument must clearly show intent to confer a benefit and that "incidental beneficiaries" cannot maintain an action on the instrument. *Valley Landscape Co.* v. *Rolland*, 218 Va. 257 (1977). The contract between the architect and the owner is before the Court in the pleadings and must be considered in view of the allegations of this count. It is clear that the owner and the architect would and did foresee that the units and the building would be sold to others; however, this is not sufficient, without more, to make Plaintiffs incidental beneficiaries. See *Waterford Condominium Assn.* v. *Dunbar Corp.*, 432 N.E.2d 1009 (Ill. 1982).

This is especially true in cases of architects who only contract to perform "in good faith with reasonable care and competence the services for which they were

engaged." *VMI* v. *King, supra,* 217 Va. at 760. See also *Surf Realty Corp.* v. *Standing,* 195 Va. 431 (1953), and *Willner* v. *Woodward,* 201 Va. 104 (1959). Therefore, the demurrer to Count IV will be sustained and this count dismissed.

### Count V - Breach of Implied Warranty - Michael

The Court's analysis of this count is the same as Count IV. For the reasons stated under paragraph IV of this opinion, the plea in bar will be sustained as to an alleged breach of implied warranty with regard to the design of the building; however, the plea in bar will be overruled on the allegation of a breach of implied warranty as to supervision of the construction of the building.

Once again, a demurrer has been filed on the ground that there is no ground of recovery in implied warranty available to the Plaintiffs. Having ruled that Plaintiffs are not third party beneficiaries to the architect's contract, the demurrer to this count must be sustained.

Lack of privity of contract is still available as a defense to actions sounding in contract as this count does. Lack of privity has been abolished as a defense in cases involving the sale of goods (§ 8.2-318) and in actions involving negligence (§ 8.01-223), but not in cases sounding in contract. See *Gravley* v. *Providence Partnership,* 549 F.2d 958 (4th Cir. 1977). The demurrer will be sustained and this count dismissed.

### Count VI - Negligence - Michael

In this count Plaintiffs allege that Michael & Michael "negligently designed the condominium with structural defects and negligently failed to prevent or correct structural defects in the construction of the condominium." This count, like Count IV, presents two questions. The first, involving the design of the condominium, must be resolved against Plaintiffs; and the plea in bar will be sustained and the cause of action for negligent design is barred by the statute of limitations.

The second question, involving the duty of Michael to supervise construction, under the reasoning of the Court as to Count IV, must be resolved in favor of Plain-

tiffs, and the plea in bar as to alleged negligence in failing to prevent or correct defects will be denied as to that portion of Count VI.

### Count VII - Breach of Contract - Keyser

This count alleges that Keyser breached its contract with DRI by "building the condominium with structural defects." Plaintiffs claim to be a third-party beneficiary of the contract between Keyser and DRI. The acts complained of in this count are clearly the *construction* of the condominium containing the alleged defects. Under § 8.01-250 of the Code of Virginia, the five-year limitation on these actions would begin to run from the date such construction was completed. While the stipulation does not contain that date, it is clear that it had to be prior to August 24, 1978, or at least as of the date final payment was made by DRI to Keyser (February 22, 1979). Under these circumstances it is clear that this cause of action against Keyser was not timely filed and the plea in bar to this count will be sustained.

### Count VIII - Breach of Implied Warranty - Keyser

In this count Plaintiffs claim to be third-party beneficiaries of the implied warranty by Keyser to exercise reasonable care "in constructing the condominium." Further, this count alleges that Keyser breached this implied warranty "by constructing the condominium with structural defects." Plaintiffs, once again, claim to be third party beneficiaries to the implied warranty. Once again, Plaintiffs have alleged a breach of a duty in the construction of the condominium. The rationale for this count is the same as in Count VII; that is, the five-year limitation provided for in § 8.01-250, begins to run at the time of construction. Nowhere do Plaintiffs allege that Keyser had a duty, contractual or otherwise, to correct the deficiencies alleged. The cause of action is simply for the breach of an implied warranty in the construction of the condominium building itself. Under these circumstances, the time limit provided for in § 8.01-250, had expired prior to the filing of this count against Keyser.

### Count IX - Negligence - Keyser

This count alleges that Keyser "negligently constructed the condominium with structural defects." Once again, the rationale for Count IX is the same as for Counts VII and VIII and the plea in bar will be sustained. Once again, there is no allegation of any duty on Keyser's part to correct the problems, and under these circumstances the Court cannot find that work done by Keyser, gratuitously, subsequent to completion of the building, would have the effect of "tolling" the statute of limitations. For these reasons, the plea in bar to Count IX will be sustained.

In view of the ruling on Keyser's plea in bar, it is not necessary to address the issues raised by Keyser in his demurrers to Counts VII, VIII and IX.

The Court has not yet ruled on the demurrers filed by Keyser and Michael as to the cross-claims filed by DRI. In view of this opinion, counsel may wish to place the matter on the docket for argument.