COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Annunziata
Argued at Salem, Virginia


JANE MARIE BRATTON
                                    MEMORANDUM OPINION* BY
v.   Record No. 1003-97-3      JUDGE ROSEMARIE ANNUNZIATA
                                         JUNE 9, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                     Richard C. Pattisall, Judge

            Mark D. Kidd (Osterhoudt, Ferguson, Natt,
            Aheron & Agee, P.C., on briefs), for
            appellant.

            Richard B. Smith, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Jane Marie Bratton (appellant) appeals her conviction under

Code § 18.2-181 for issuing a bad check with the intent to

defraud.  She contends that the trial court erred in relying upon

the presumptions contained in Code §§ 18.2-183 and 18.2-184, and

that, absent the presumptions, the evidence was insufficient to

support her conviction.  We affirm.

     We view the facts in the light most favorable to the

Commonwealth, the party prevailing below.  Clifton v.

Commonwealth, 22 Va. App. 178, 180, 468 S.E.2d 155, 156 (1996)

(citing Higginbotham v. Commonwealth, 216 Va. 349, 352, 218

S.E.2d 534, 537 (1975)).  Mark Bierley, owner of Bronco Service,

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

performed maintenance and repairs on appellant's motor vehicle at a cost of $230.48. Appellant paid Bierley with a check for the full amount of the service on September 10, 1996. After Bierley attempted to deposit the check, the bank returned the check, marked "Account Closed." In response to Bierley's query, the bank informed him that the account had been closed on September 8th or 9th. Bierley contacted appellant about the check; she promised to pay the amount but did not do so. Bierley sent a certified letter to appellant about the check on September 22, 1996. Appellant paid the amount due the day before her court appearance on November 14, 1996. She testified during the sentencing phase of the trial that a bank employee told her on September 11, 1996 that the bank was going to close her account.

In finding appellant guilty, the court implicitly employed the presumptions contained in Code §§ 18.2-183 and 18.2-184, which remained, in the court's view, unrebutted. The court sentenced appellant to eighteen months incarceration.

Appellant contends that the court erred in applying the presumptions found in Code §§ 18.2-183 and 18.2-184.[1] Appellant

---

[1]Code § 18.2-183 provides in relevant part:

> In any prosecution or action under the preceding sections, the making or drawing or uttering or delivery of a check, draft, or order, payment of which is refused by the drawee because of lack of funds or credit shall be prima facie evidence of intent to defraud or of knowledge of insufficient funds in, or credit with, such bank, banking institution, trust company or other

2

further contends that, absent the statutory presumptions, the evidence was insufficient to support her conviction.  We find appellant's contentions to be without merit.

"The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it."  Martin v.

---

depository unless such maker or drawer, or someone for him, shall have paid the holder thereof the amount due thereon, together with interest, and protest fees (if any), within five days after receiving written notice that such check, draft, or order has not been paid to the holder thereof.  Notice mailed by certified or registered mail, evidenced by return receipt, to the last known address of the maker or drawer shall be deemed sufficient and equivalent to notice having been received by the maker or drawer.

* * * * * * *

When a check is drawn on a bank in which the maker or drawer has no account, it shall be presumed that such check was issued with intent to defraud, and the five-day notice set forth above shall not be required in such case.

Code § 18.2-184 provides:

In any prosecution or action under the preceding sections, any notation attached to or stamped upon a check, draft or order which is refused by the drawee because of lack of funds or credit, bearing the terms "not sufficient funds," "uncollected funds," "account closed," or "no account in this name," or words of similar import, shall be prima facie evidence that such notation is true and correct.

3

Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987) (citing Code § 8.01-680). Code § 18.2-181 prohibits drawing a check, knowing that the account drawn upon lacks sufficient funds or credit to pay the check, with the intent to defraud. Cf. Bray v. Commonwealth, 9 Va. App. 417, 422, 388 S.E.2d 837, 839-40 (1990) (citing Huntt v. Commonwealth, 212 Va. 737, 739, 187 S.E.2d 183, 185 (1972)). The intent to defraud "is an indispensable element of the crime and the burden is upon the Commonwealth to prove its existence at the time of drawing or uttering the check." Rosser v. Commonwealth, 192 Va. 813, 816, 66 S.E.2d 851, 853 (1951).

The element of intent to defraud is satisfied by the operation of the presumption under Code § 18.2-183 which provides in relevant part that, "[w]hen a check is drawn on a bank in which the maker or drawer has no account, it shall be presumed that such check was issued with intent to defraud."[2] "For the presumption of fraudulent intent to arise, the requirements of the statute must be met by admissible evidence, not by speculation or suspicion." Sylvestre v. Commonwealth, 10 Va. App. 253, 258, 391 S.E.2d 336, 339 (1990). The evidence supports the court's application of the presumption. Appellant admitted that she wrote a check upon a bank. The Commonwealth's evidence

_____

[2]Because the check was "drawn on a bank in which the maker or drawer has no account," the receiver of the check need not give notice to trigger the presumption of intent to defraud. Code § 18.2-183.

4

showed that appellant's check was returned with the stamp "Account Closed."  The evidence further supports the application of the presumption under Code § 18.2-184 which provides, "[i]n any prosecution or action under the preceding sections, any notation attached to or stamped upon a check, draft, or order which is refused by the drawee because of lack of funds or credit, bearing the terms . . . 'account closed,' . . . shall be prima facie evidence that such notation is true and correct." Therefore, appellant had "no account" within the meaning of Code § 18.2-183, and the trial court properly applied the presumption of intent to defraud found in Code § 18.2-183.

The evidence further supports the trial court's consideration of the presumption under Code § 18.2-183 that appellant knew she had insufficient funds in her account when she wrote the check.  Bierley sent appellant a certified letter on September 22, 1996 notifying her that the check had not been paid.  Appellant failed to pay Bierley within five days of receiving the notice, and thus triggered the presumption under Code § 18.2-183.

Appellant's contention that the presumption of her intent to defraud was rebutted by her testimony that the bank employee told her after she had written the check that the bank was going to close her account is without merit.  Assuming without deciding that this testimony is sufficient to rebut the statutory presumption, it was never offered at trial, but only at

sentencing.  As such, the testimony has no bearing on the issue.

Finally, in addition to its consideration of the presumptions which arose under Code §§ 18.2-183 and 18.2-184, the trial court considered and rejected appellant's testimony that she did not know that the account was closed when she wrote the check.  See Burket v. Commonwealth, 248 Va. 596, 614-15, 450 S.E.2d 124, 134 (1994) ("The trial court, as the finder of fact, is entitled to weigh the evidence, to observe the demeanor of the witnesses, and to assess their credibility.").  Because the trial court properly applied the statutory presumptions, and further properly determined the credibility issue in the case against the appellant, we find the evidence was sufficient to support appellant's conviction.

Affirmed.