Present:   Judges O'Brien, AtLee and Chaney
Argued at Fredericksburg, Virginia

**UNPUBLISHED**

DARRIN MARK ROBERTSON

MEMORANDUM OPINION[*] BY
v.          Record No. 1895-22-4          JUDGE VERNIDA R. CHANEY
OCTOBER 22, 2024

COMMONWEALTH OF VIRGINIA

UPON A REHEARING

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Judith L. Wheat, Judge

Meghan Shapiro, Senior Appellate Attorney (Virginia Indigent
Defense Commission, on briefs), for appellant.

Kimberly A. Hackbarth, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General, on briefs), for appellee.

Following a jury trial on two misdemeanor charges, Darrin Robertson appeals his

convictions for peeping or spying into a structure occupied as a dwelling, in violation of Code

§ 18.2-130, and attempted unlawful creation of an image of another, in violation of Code

§§ 18.2-386.1 and 18.2-27.  Robertson contends that the circuit court erred in (1) admitting

testimony connecting his cell phone number to the cell phone recovered near the crime scene and

(2) taking judicial notice of his address as stated on the warrant.  For the following reasons, this

Court affirms the convictions for peeping or spying into a structure occupied as a dwelling and the

attempted unlawful creation of another's image.[1]

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] By an opinion issued on April 16, 2024, this Court affirmed Robertson's conviction for
peeping but dismissed his appeal of the attempted unlawful creation conviction for lack of
appellate jurisdiction.  Robertson petitioned for rehearing, arguing that this Court had jurisdiction

BACKGROUND

"On appeal, we review the facts in the light most favorable to the Commonwealth, the prevailing party below." *Sarka v. Commonwealth*, 73 Va. App. 56, 59 (2021).

On September 17, 2021, around 12:50 a.m., Robertson stood outside his neighbor's bedroom window and held his cell phone up to the window to video record her. The neighbor, Officer Marisol Ramirez, resided in the same apartment complex as Robertson. That night, Ramirez had arrived home around 12:30 or 12:45 a.m. and undressed to shower around 12:50 a.m. To get a better view into Ramirez's apartment, Robertson climbed up on a desk and a mattress that he had moved under Ramirez's window. Robertson held his camera to the window and periodically checked to see "if he caught anything[] [and] [t]hen he would go back and record." Robertson held his camera looking into Ramirez's bedroom window for around 10 to 12 minutes.

When Ramirez previously encountered Robertson in the laundry room of their apartment complex, she introduced herself as the resident courtesy officer. Ramirez told Robertson he could reach out to her if he had any issues, but she refused his request for her phone number. Subsequently, Ramirez noticed Robertson staring at her for long periods on multiple occasions. On one occasion before September 17, Robertson told Ramirez in a hushed tone, "[Y]ou look good today." Ramirez also noticed that Robertson was searching for her on social media. In August 2021, "he added [her] as a friend on Snapchat, which [she] immediately blocked."

During Ramirez's trial testimony, the Commonwealth asked the circuit court to take judicial notice of Robertson's address listed on the warrant. Robertson, by counsel, objected, "I don't think that's something that is the Court's common knowledge, that you can take notice of." At a sidebar conference, Robertson argued, "Just because it's the address on the warrant doesn't necessarily

over that appeal. The Commonwealth concurred. By order issued May 7, 2024, this Court stayed the April 16 mandate, and now affirms both of Robertson's convictions.

mean it's the address." Robertson added, "If you want to limit it to the address that is on the warrant, that's fine, but the warrant is a judicial document." Subsequently, with the circuit court's permission, the Commonwealth read into the record: "The address listed on the warrant for the Defendant's name is 1303 North Pierce Street, Number 101, Arlington, Virginia 22209." Ramirez then testified that Building 1303 is two buildings down from her apartment in Building 1307, with Building 1305 in between.

Another resident of the apartment complex, Betty Jallow, observed Robertson holding the camera to Ramirez's apartment window that night. Jallow called 911 and reported her contemporaneous observations of Robertson standing on a desk and looking into Ramirez's window with his phone camera. Although Robertson was wearing a medical mask at the time, Jallow testified at trial that she was "100 percent" sure that Robertson was the person she saw holding a camera to Ramirez's window. Jallow testified that although she had previously expressed uncertainty about whether it was Robertson, she did so only because she did not want to get further involved at that time. Jallow also testified that she had conversed with Robertson multiple times and that Robertson never gave her any reason not to like him.

Officer Jennifer Levy and Detective Daniel Smaldore of the Arlington County Police Department investigated Jallow's 911 report. Over Robertson's objection to trial testimony based on facts not in evidence, Officer Levy testified, "A phone call was made to the phone number listening to the Defendant and . . . once the phone call was being placed [she] could hear sound" coming from a phone in the bushes near Robertson's apartment complex. Over Robertson's hearsay objection, Detective Smaldore testified at trial that he asked someone at the crime scene for Robertson's phone number and, based on the information he received, he called that number and heard a phone ringing in the bushes several hundred feet from Robertson's apartment complex. Officer Levy recovered the cell phone found in the bushes.

Detective Mazzella of the Digital Forensics Unit, an expert in the digital examination of cell phones, extracted information from the recovered cell phone. Detective Mazzella testified that the phone's only user account was identified as Robertson's user account. The extracted information included several "selfie" videos of Robertson. There were also four videos date-stamped "9/17/2021." Two of these videos were created at 12:50 a.m., one was created at 12:51 a.m., and one was created at 12:52 a.m. Detective Mazella confirmed the accuracy of the date and time on the phone. After reviewing the four videos created around 12:50 a.m., Ramirez testified that they depicted her bedroom as seen from the outside through her bedroom window and blinds.

After the close of the evidence, the jury found Robertson guilty of both charged misdemeanor offenses. Subsequently, after a separate sentencing hearing, the circuit court sentenced Robertson to incarceration for 12 months for each conviction. This appeal followed.

ANALYSIS

A. Objection to Officer Levy's Testimony

Robertson contends that the circuit court erred in overruling his objection to testimony by Officer Levy based on facts not in evidence. Robertson asserts that Officer Levy testified over his objection: "A phone call was made to the phone number [listed] to the Defendant and . . . once the phone call was being placed I could hear sound. . . . [T]hat's what led us to the phone." As Robertson acknowledges, his argument on appeal is based on his alteration of the transcription of Officer Levy's testimony, replacing the word "listening" with "listed." Robertson asserts, "the context is clear that Levy testified the phone number was *listed* to Mr. Robertson."

In response, the Commonwealth contends, "an appellate court 'must rely on the transcript as certified to [it] by the trial court.'" (Quoting *Huntt v. Commonwealth*, 212 Va. 737, 738 n.2 (1972)). This Court agrees with the Commonwealth. An alleged transcription error should be corrected by following the procedure described in Rule 5A:8(d), which provides that any objections to a

transcript on the ground that it is erroneous or incomplete must be raised in the trial court. This Court finds no error in the circuit court's ruling because Robertson's argument on appeal is not based on the testimony as transcribed in the certified trial transcript; rather, his argument is based on his interpretation of Officer Levy's testimony, purportedly correcting a transcription error. The record on appeal does not contain the specific testimony from Officer Levy that Robertson claims was erroneously admitted over his objection.

B. Hearsay Objection to Detective Smaldore's Testimony

Robertson contends that the circuit court erred in overruling his hearsay objection to Detective Smaldore's testimony that he asked someone at the crime scene for Robertson's phone number and, based on the information he received, he called that number and heard a phone ringing in the bushes. Assuming without deciding that the circuit court erred in overruling Robertson's hearsay objection, this Court holds that any such error was harmless.[2]

"[I]n determining whether an error is harmless, 'we must review the record and the evidence and evaluate the effect the error may have had on how the finder of fact resolved the contested issues.'" *Becker v. Commonwealth*, 64 Va. App. 481, 497 (2015) (quoting *Lavinder v. Commonwealth*, 12 Va. App. 1003, 1007 (1991) (en banc)). "A non-constitutional error is harmless when 'it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" *Davis v. Commonwealth*, 79 Va. App. 123, 146 (2023) (quoting Code § 8.01-678). "This Court may uphold a decision on the ground that any error involved is harmless only if it can conclude, without usurping the jury's fact-finding function, 'that the error did not influence the jury[] or had but slight

---

[2] This Court concludes that harmless error review is the best and narrowest ground available for deciding this issue. *See Spruill v. Garcia*, 298 Va. 120, 127 (2019) (deciding the appellate issue on the ground of harmless error as "'the best and narrowest grounds available' for decision" (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017))).

effect.'" *Id.* (alteration in original) (quoting *Graves v. Commonwealth*, 65 Va. App. 702, 712 (2016)).

This Court holds that the alleged error in admitting hearsay evidence was harmless because the evidence did not have more than a slight effect on the jury's verdict, if any, given the overwhelming evidence identifying Robertson as the perpetrator. Jallow, who was personally acquainted with Robertson and had no motive to falsely accuse him, testified as an eyewitness to the crime that she was 100% certain that Robertson was the perpetrator. The time-stamped videos of Ramirez's bedroom window established that the cell phone from which the videos were extracted was the same phone used by the perpetrator moments before the phone was found in the bushes near Robertson's apartment complex. The "selfie" videos extracted from the cell phone established that Robertson had used that cell phone. And the extracted user account information indicated that Robertson was the only one who had used that cell phone. Given this overwhelming evidence of Robertson's guilt, this Court concludes with fair assurance that the alleged hearsay evidence linking Robertson's cell phone number to the recovered cell phone had slight or no effect on the jury's verdict. Therefore, any alleged error in overruling Robertson's hearsay objection was harmless. *See Angel v. Commonwealth*, 281 Va. 248, 268 (2011) ("If other evidence of guilt is so overwhelming and the error insignificant, by comparison, supporting a conclusion that the error did not have a substantial effect on the verdict, the error is harmless.").

C. Judicial Notice of Robertson's Address on the Warrant

Robertson contends that the circuit court erred in taking judicial notice of his address by permitting the Commonwealth to read into evidence his address as stated on the warrant: "1303 North Pierce Street, Number 101, Arlington, Virginia 22209."[3] However, during the bench

---

[3] This opinion does not consider whether the circuit court took judicial notice by permitting the Commonwealth to inform the jury of the address identified as Robertson's address on the warrant.

conference at trial, Robertson, by counsel, told the circuit court, "If you want to limit it to the address that is on the warrant, that's fine . . . ."[4] Thus, the trial transcript shows that in the circuit court, Robertson agreed to the ruling that he now contends is erroneous. But "[a] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (alteration in original) (quoting *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009)). And "there is no 'ends of justice' exception to the approbate and reprobate doctrine." *Id.* at 405. As this Court has held, "[i]t can hardly be a 'grave injustice' to a defendant's essential rights for a trial court to [make] an agreed-upon [ruling]." *Id.* (second and third alterations in original) (citation omitted) (quoting *Alford v. Commonwealth*, 56 Va. App. 706, 709 (2010)). Because Robertson ultimately agreed to the circuit court's ruling during the trial, this Court cannot consider his objections to the ruling on appeal.

## CONCLUSION

For the foregoing reasons, this Court affirms Robertson's convictions and sentences for peeping or spying into a structure occupied as a dwelling and the attempted unlawful creation of another's image.[5]

*Affirmed.*

---

[4] In response to this Court's inquiry at oral argument, Robertson, by counsel, suggested that the Commonwealth—not Robertson—made the statement agreeing to limit judicial notice to the address on the warrant. However, neither party moved to correct the alleged transcription error in accordance with Rule 5A:8(d), and this Court cannot make the purported correction on appeal. *See Huntt*, 212 Va. at 738 n.2 (an appellate court "must rely on the transcript as certified to [it] by the trial court").

[5] On September 7, 2023, Robertson filed a *pro se* motion to vacate void judgment. As Robertson is represented by counsel, we do not consider his *pro se* motion.

# VIRGINIA:

*In the Court of Appeals of Virginia on* **Tuesday** *the* **7th** *day of* **May, 2024**.

Darrin Mark Robertson,                                                                                              Appellant,

 against                        Record No. 1895-22-4
                                   Circuit Court Nos. CR22-38 and CR22-39

Commonwealth of Virginia,                                                                                        Appellee.

Upon a Petition for Rehearing

Before Judges O'Brien, AtLee and Chaney

On April 30, 2024 came the appellant, by court-appointed counsel, and filed a petition praying that the Court set aside the judgment rendered herein on April 16, 2024, and grant a rehearing thereof.

On consideration whereof, the petition for rehearing is granted, the mandate entered herein on April 16, 2024 is stayed pending the decision of the Court, and the appeal is reinstated on the docket of this Court.

Pursuant to Rule 5A:35(a), the respondent may file an answering brief within 21 days of the date of entry of this order.

A Copy,

Teste:

A. John Vollino, Clerk

By:      *original order signed by a deputy clerk of the*
         *Court of Appeals of Virginia at the direction*
         *of the Court*

Deputy Clerk

COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, AtLee and Chaney
Argued at Fredericksburg, Virginia


DARRIN MARK ROBERTSON

v.     Record No. 1895-22-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE VERNIDA R. CHANEY
APRIL 16, 2024

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Judith L. Wheat, Judge

Meghan Shapiro, Senior Appellate Attorney (Virginia Indigent
Defense Commission, on briefs), for appellant.

Kimberly A. Hackbarth, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


Following a jury trial on two misdemeanor charges, Darrin Robertson appeals his

convictions for peeping or spying into a structure occupied as a dwelling, in violation of Code

§ 18.2-130, and attempted unlawful creation of an image of another, in violation of Code

§§ 18.2-386.1 and 18.2-27. Robertson contends that the circuit court erred in (1) admitting

testimony connecting his cell phone number to the cell phone recovered near the crime scene and

(2) taking judicial notice of his address as stated on the warrant. For the following reasons, this

Court affirms the conviction for peeping or spying into a structure occupied as a dwelling, Circuit

Court No. CR22-38, and dismisses Robertson's appeal of his conviction for attempted unlawful

creation of another's image, Circuit Court No. CR22-39, for lack of appellate jurisdiction.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

This Court does not have jurisdiction over Robertson's appeal of his conviction for attempted unlawful creation of another's image because the notice of appeal was untimely filed with respect to that case. In a single jury trial in July 2022, Robertson was convicted in two criminal cases. In Circuit Court No. CR22-38, he was convicted of peeping or spying into a structure occupied as a dwelling, and in Circuit Court No. CR22-39, he was convicted of attempted unlawful creation of another's image. On September 23, 2022, the circuit court pronounced the sentence of 12 months incarceration in each case.

Subsequently, the circuit court entered a separate sentencing order for each of Robertson's convictions.[1] On November 10, 2022, the circuit court entered the sentencing order for the conviction for attempted unlawful creation of another's image in Circuit Court No. CR22-39. On December 28, 2022, the circuit court entered the sentencing order for Robertson's conviction for peeping or spying into a structure occupied as a dwelling in Circuit Court No. CR22-38. The separate sentencing orders in Circuit Court Nos. CR22-38 and CR22-39 are separate appealable orders. *See Burrell v. Commonwealth*, 283 Va. 474, 478 (2012) (holding that the sentencing order in a criminal case is a final, appealable order).

On December 13, 2022, Robertson filed a single notice of appeal in the circuit court for both appealed convictions. *See* Rule 5A:6(e) ("Whenever two or more cases were tried together in the trial court, one notice of appeal and one record may be used to bring all of such cases before this Court even though such cases were not consolidated by formal order."). Under Rule 5A:6, the notice of appeal must be filed with the clerk of the trial court "within 30 days after entry of final judgment or other appealable order or decree, or within any specified extension thereof granted by

---

[1] Code § 19.2-307 provides: "If an accused is tried at one time for two or more offenses, the court may enter one judgment order respecting all such offenses."

this Court under Rule 5A:3(a)," except as otherwise provided by statute.[2]  *See* Rule 5A:6(a); *see also* Code § 8.01-675.3 ("a notice of appeal to the Court of Appeals . . . shall be filed within 30 days from the date of any final judgment order, decree, or conviction").

Robertson filed the December 13, 2022 notice of appeal after the court pronounced the sentence on September 23, 2022, but before the circuit court entered the final sentencing order in the peeping or spying case, Circuit Court No. CR22-38, on December 28, 2022.  Under Rule 5A:6, the early-filed notice of appeal of the peeping or spying case is treated as filed on the same date that the sentencing order was entered.  *See* Rule 5A:6(a) ("A notice of appeal filed after the trial court announces a decision or ruling—but before the entry of such judgment or order—is treated as filed on the date of and after the entry.").  Thus, with respect to the peeping or spying case, Circuit Court No. CR22-38, the notice of appeal is deemed filed on December 28, 2022, and was timely filed.

The December 13, 2022 notice of appeal was untimely filed with respect to the case of attempted unlawful creation of another's image, Circuit Court No. CR22-39, because it was filed with the circuit court clerk more than 30 days after entry of the final order on November 10, 2022.  *See* Rule 5A:6(a); Code § 8.01-675.3.  This Court does not have jurisdiction to consider an appeal where the notice of appeal was untimely filed in violation of Rule 5A:6 and Code § 8.01-675.3.  *See Wells v. Shenandoah Valley Dep't of Soc. Servs.*, 56 Va. App. 208, 214 (2010).  Accordingly, this Court dismisses Robertson's untimely appeal of his conviction for attempted unlawful creation of another's image in Circuit Court No. CR22-39.  *See Jefferson v. Commonwealth*, 298 Va. 473, 479 (2020) (holding that dismissal of the appeal was appropriate under Rule 5A:6 when the notice of appeal was untimely filed).

---

[2] The time prescribed for filing a notice of appeal in Rule 5A:6 is mandatory "except that an extension of the time to file a notice of appeal . . . may be granted in the discretion of this Court on motion for good cause shown."  Rule 5A:3(a).  Robertson did not move for an extension of the filing deadline for the notice of appeal.

BACKGROUND

"On appeal, we review the facts in the light most favorable to the Commonwealth, the prevailing party below." *Sarka v. Commonwealth*, 73 Va. App. 56, 59 (2021).

On September 17, 2021, around 12:50 a.m., Robertson stood outside his neighbor's bedroom window and held his cell phone up to the window to video record her. The neighbor, Officer Marisol Ramirez, resided in the same apartment complex as Robertson. That night, Ramirez had arrived home around 12:30 or 12:45 a.m. and undressed to shower around 12:50 a.m. To get a better view into Ramirez's apartment, Robertson climbed up on a desk and a mattress that he had moved under Ramirez's window. Robertson held his camera to the window and periodically checked to see "if he caught anything [and] [t]hen he would go back and record." Robertson held his camera looking into Ramirez's bedroom window for around 10 to 12 minutes.

When Ramirez previously encountered Robertson in the laundry room of their apartment complex, she introduced herself as the resident courtesy officer. Ramirez told Robertson he could reach out to her if he had any issues, but she refused his request for her phone number. Subsequently, Ramirez noticed Robertson staring at her for long periods on multiple occasions. On one occasion before September 17, Robertson told Ramirez in a hushed tone, "[Y]ou look good today." Ramirez also noticed that Robertson was searching for her on social media. In August 2021, "he added [her] as a friend on Snapchat, which [she] immediately blocked."

During Ramirez's trial testimony, the Commonwealth asked the circuit court to take judicial notice of Robertson's address listed on the warrant. Robertson, by counsel, objected, "I don't think that's something that is the Court's common knowledge, that you can take notice of." At a sidebar conference, Robertson argued, "Just because it's the address on the warrant doesn't necessarily mean it's the address." Robertson added, "If you want to limit it to the address that is on the warrant, that's fine, but the warrant is a judicial document." Subsequently, with the circuit court's

permission, the Commonwealth read into the record: "The address listed on the warrant for the Defendant's name is 1303 North Pierce Street, Number 101, Arlington, Virginia 22209." Ramirez then testified that Building 1303 is two buildings down from her apartment in Building 1307, with Building 1305 in between.

Another resident of the apartment complex, Betty Jallow, observed Robertson holding the camera to Ramirez's apartment window that night. Jallow called 911 and reported her contemporaneous observations of Robertson standing on a desk and looking into Ramirez's window with his phone camera. Although Robertson was wearing a medical mask at the time, Jallow testified at trial that she was "100 percent" sure that Robertson was the person she saw holding a camera to Ramirez's window. Jallow testified that although she had previously expressed uncertainty about whether it was Robertson, she did so only because she did not want to get further involved at that time. Jallow also testified that she had conversed with Robertson multiple times and that Robertson never gave her any reason not to like him.

Officer Jennifer Levy and Detective Daniel Smaldore of the Arlington County Police Department investigated Jallow's 911 report. Over Robertson's objection to trial testimony based on facts not in evidence, Officer Levy testified, "A phone call was made to the phone number listening to the Defendant and . . . once the phone call was being placed [she] could hear sound" coming from a phone in the bushes near Robertson's apartment complex. Over Robertson's hearsay objection, Detective Smaldore testified at trial that he asked someone at the crime scene for Robertson's phone number and, based on the information he received, he called that number and heard a phone ringing in the bushes several hundred feet from Robertson's apartment complex. Officer Levy recovered the cell phone found in the bushes.

Detective Mazzella of the Digital Forensics Unit, an expert in the digital examination of cell phones, extracted information from the recovered cell phone. Detective Mazzella testified that the

phone's only user account was identified as Robertson's user account. The extracted information included several "selfie" videos of Robertson. There were also four videos date-stamped "9/17/2021." Two of these videos were created at 12:50 a.m., one was created at 12:51 a.m., and one was created at 12:52 a.m. Detective Mazella confirmed the accuracy of the date and time on the phone. After reviewing the four videos created around 12:50 a.m., Ramirez testified that they depicted her bedroom as seen from the outside through her bedroom window and blinds.

After the close of the evidence, the jury found Robertson guilty of both charged misdemeanor offenses. Subsequently, after a separate sentencing hearing, the circuit court sentenced Robertson to incarceration for 12 months for each conviction. This appeal followed.

ANALYSIS

A. Objection to Officer Levy's Testimony

Robertson contends that the circuit court erred in overruling his objection to testimony by Officer Levy based on facts not in evidence. Robertson asserts that Officer Levy testified over his objection: "A phone call was made to the phone number [listed] to the Defendant and . . . once the phone call was being placed I could hear sound. . . . [T]hat's what led us to the phone." As Robertson acknowledges, his argument on appeal is based on his alteration of the transcription of Officer Levy's testimony, replacing the word "listening" with "listed." Robertson asserts, "the context is clear that Levy testified the phone number was *listed* to Mr. Robertson."

In response, the Commonwealth contends, "an appellate court 'must rely on the transcript as certified to [it] by the trial court.'" (Quoting *Huntt v. Commonwealth*, 212 Va. 737, 738 n.2 (1972)). This Court agrees with the Commonwealth. An alleged transcription error should be corrected by following the procedure described in Rule 5A:8(d), which provides that any objections to a transcript on the ground that it is erroneous or incomplete must be raised in the trial court. This Court finds no error in the circuit court's ruling because Robertson's argument on appeal is not

- 6 -

based on the testimony as transcribed in the certified trial transcript; rather, his argument is based on his interpretation of Officer Levy's testimony, purportedly correcting a transcription error. The record on appeal does not contain the specific testimony from Officer Levy that Robertson claims was erroneously admitted over his objection.

B. Hearsay Objection to Detective Smaldore's Testimony

Robertson contends that the circuit court erred in overruling his hearsay objection to Detective Smaldore's testimony that he asked someone at the crime scene for Robertson's phone number and, based on the information he received, he called that number and heard a phone ringing in the bushes. Assuming without deciding that the circuit court erred in overruling Robertson's hearsay objection, this Court holds that any such error was harmless.[3]

"[I]n determining whether an error is harmless, 'we must review the record and the evidence and evaluate the effect the error may have had on how the finder of fact resolved the contested issues.'" *Becker v. Commonwealth*, 64 Va. App. 481, 497 (2015) (quoting *Lavinder v. Commonwealth*, 12 Va. App. 1003, 1007 (1991) (en banc)). "A non-constitutional error is harmless when 'it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" *Davis v. Commonwealth*, 79 Va. App. 123, 146 (2023) (quoting Code § 8.01-678). "This Court may uphold a decision on the ground that any error involved is harmless only if it can conclude, without usurping the jury's fact-finding function, 'that the error did not influence the jury[] or had but slight effect.'" *Id.* at 146 (alteration in original) (quoting *Graves v. Commonwealth*, 65 Va. App. 702, 712 (2016)).

---

[3] This Court concludes that harmless error review is the best and narrowest ground available for deciding this issue. *See Spruill v. Garcia*, 298 Va. 120, 127 (2019) (deciding the appellate issue on the ground of harmless error as "'the best and narrowest grounds available' for decision" (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017))).

This Court holds that the alleged error in admitting hearsay evidence was harmless because the evidence did not have more than a slight effect on the jury's verdict, if any, given the overwhelming evidence identifying Robertson as the perpetrator. Jallow, who was personally acquainted with Robertson and had no motive to falsely accuse him, testified as an eyewitness to the crime that she was 100 percent certain that Robertson was the perpetrator. The time-stamped videos of Ramirez's bedroom window established that the cell phone from which the videos were extracted was the same phone used by the perpetrator moments before the phone was found in the bushes near Robertson's apartment complex. The "selfie" videos extracted from the cell phone established that Robertson had used that cell phone. And the extracted user account information indicated that Robertson was the only one who had used that cell phone. Given this overwhelming evidence of Robertson's guilt, this Court concludes with fair assurance that the alleged hearsay evidence linking Robertson's cell phone number to the recovered cell phone had slight or no effect on the jury's verdict. Therefore, any alleged error in overruling Robertson's hearsay objection was harmless. *See Angel v. Commonwealth*, 281 Va. 248, 268 (2011) ("If other evidence of guilt is so overwhelming and the error insignificant, by comparison, supporting a conclusion that the error did not have a substantial effect on the verdict, the error is harmless.").

C. Judicial Notice of Robertson's Address on the Warrant

Robertson contends that the circuit court erred in taking judicial notice of his address by permitting the Commonwealth to read into evidence his address as stated on the warrant: "1303 North Pierce Street, Number 101, Arlington, Virginia 22209."[4] However, during the bench conference at trial, Robertson, by counsel, told the circuit court, "If you want to limit it to the

_____

[4] This opinion does not consider whether the circuit court took judicial notice by permitting the Commonwealth to inform the jury of the address identified as Robertson's address on the warrant.

- 8 -

address that is on the warrant, that's fine . . . ."[5]  Thus, the trial transcript shows that in the circuit court, Robertson agreed to the ruling that he now contends is erroneous.  But "[a] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory."  *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (alteration in original) (quoting *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009)).  And "there is no 'ends of justice' exception to the approbate and reprobate doctrine."  *Id.* at 405.  As this Court has held, "[i]t can hardly be a 'grave injustice' to a defendant's essential rights for a trial court to [make] an agreed-upon [ruling]."  *Id.* (second and third alterations in original) (internal citation omitted) (quoting *Alford v. Commonwealth*, 56 Va. App. 706, 709 (2010)).  Because Robertson ultimately agreed to the circuit court's ruling during the trial, this Court cannot consider his objections to the ruling on appeal.

## CONCLUSION

For the foregoing reasons, this Court affirms the circuit court's judgment in Circuit Court No. CR22-38, Robertson's conviction and sentence for peeping or spying into a structure occupied as a dwelling.  This Court dismisses Robertson's appeal of Circuit Court No. CR22-39, Robertson's conviction and sentence for attempted unlawful creation of another's image, because this Court has no jurisdiction over the untimely appeal of that case.[6]

*Affirmed in part and dismissed in part.*

---

[5] In response to this Court's inquiry at oral argument, Robertson, by counsel, suggested that the Commonwealth—not Robertson—made the statement agreeing to limit judicial notice to the address on the warrant.  However, neither party moved to correct the alleged transcription error in accordance with Rule 5A:8(d), and this Court cannot make the purported correction on appeal.  *See Huntt*, 212 Va. at 738 n.2 (an appellate court "must rely on the transcript as certified to [it] by the trial court").

[6] On September 7, 2023, Robertson filed a *pro se* motion to vacate void judgment.  As Robertson is represented by counsel, we do not consider his *pro se* motion.