COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Coleman and Fitzpatrick
Argued at Richmond, Virginia

ALICE DAGENHART

v.        Record No. 2547-94-2        MEMORANDUM OPINION[*] BY
                                      JUDGE JOHANNA L. FITZPATRICK
COMMONWEALTH OF VIRGINIA                   DECEMBER 29, 1995

            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                   Lee A. Harris, Jr., Judge

            Christopher J. Collins for appellant.

            John H. McLees, Assistant Attorney General
            (James S. Gilmore, III, Attorney General;
            Robert B. Condon, Assistant Attorney General,
            on brief), for appellee.


     Alice Dagenhart (appellant) was convicted in a bench trial

of making and delivering a bad check in violation of Code

§ 18.2-181.  On appeal, she argues that the trial court erred in

finding the evidence sufficient to support her conviction.  For

the reasons that follow, we reverse the trial court.

     In February 1994, appellant was renting a townhouse from

Pointe Rentals.  She wrote her February rent check on February

28, 1994, and delivered the check to the rental agent on March

14, 1994.  Appellant's bank refused to honor the check because

appellant's account was closed.  At trial, the bank records

custodian testified that appellant last deposited funds in the

account on February 24, 1994, and that the bank closed the

account due to numerous overdrafts on March 3, 1994.  The trial

court found appellant guilty of violating Code § 18.2-181, the

_____
        [*]Pursuant to Code § 17.116.010 this opinion is not
designated for publication.

bad check statute, and denied a later motion to set aside the verdict.

Appellant argues that the evidence failed to support her conviction because the rent check was not "present consideration for goods or services," but rather was a payment for a past debt and outside the scope of Code § 18.2-181.[1] We agree.

"To prove a bad check offense [under Code § 18.2-181], it is not necessary that anything be received in return for the check.

---

[1] Code § 18.2-181 provides as follows:

Any person who, with intent to defraud, shall make or draw or utter or deliver any check, draft, or order for the payment of money, upon any bank, banking institution, trust company, or other depository, knowing, at the time of such making, drawing, uttering or delivering, that the maker or drawer has not sufficient funds in, or credit with, such bank, banking institution, trust company, or other depository, for the payment of such check, draft or order, although no express representation is made in reference thereto, shall be guilty of larceny; and, if this check, draft, or order has a represented value of $200 or more, such person shall be guilty of a Class 6 felony. In cases in which such value is less than $200, the person shall be guilty of a Class 1 misdemeanor.

The word "credit" as used herein, shall be construed to mean any arrangement or understanding with the bank, trust company, or other depository for the payment of such check, draft or order.

Any person making, drawing, uttering or delivering any such check, draft or order in payment as a present consideration for goods or services for the purposes set out in this section shall be guilty as provided herein.

2

The offense is complete when, with intent to defraud, a person makes or draws or utters a check he knows to be worthless." <u>Bray v. Commonwealth</u>, 9 Va. App. 417, 423, 388 S.E.2d 837, 840 (1990). However, Code § 18.2-181 is "intended to include bad checks issued as present consideration for [goods and] services and intended to <u>exclude bad checks given as payment for past debts</u> or as gifts." <u>Id.</u> at 422, 388 S.E.2d at 839 (emphasis added). <u>See also</u> <u>Sylvestre v. Commonwealth</u>, 10 Va. App. 253, 257-58, 391 S.E.2d 336, 339 (1990) (Code § 18.2-181 does not "make it the crime of larceny to give a bad check as payment for past debts").

The outcome of this case is controlled by <u>Bray</u> and <u>Sylvestre</u>. We hold that the trial court erred in finding that appellant's actions violated Code § 18.2-181. The record established that appellant made and delivered a check for past rent, actions not within the scope of Code § 18.2-181.

Accordingly, the decision of the trial court is reversed and the charge against appellant dismissed.

<u>Reversed and dismissed</u>.