COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


STACEY MILLER VANCE

MEMORANDUM OPINION* BY
v.        Record No. 0508-06-4            JUDGE JAMES W. HALEY, JR.
                                          MARCH 13, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FREDERICK COUNTY
John R. Prosser, Judge

Roger A. Inger (Inger & Collins, on brief), for appellant.

Josephine F. Whalen, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Convicted in a bench trial of petit larceny, Stacey Miller Vance ("appellant") maintains the

evidence was insufficient to prove she wrote a bad check with the intent to defraud.[1]  We affirm.

STATEMENT OF FACTS

On December 24, 2004, a check in the amount of $168.18, written and signed by appellant,

was received by the Costco Wholesale store ("Costco") in Frederick County, Virginia, as payment

for goods purchased on that date.  The check was drawn on a joint account that appellant shared

with her husband at the Front Royal Federal Credit Union.  That check was subsequently returned to

Costco, around the date of January 15, 2005, due to insufficient funds in the account to cover the

payment.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was indicted for a felony third offense bad check pursuant to Code
§§ 18.2-181 and 18.2-104.  The trial court reduced the charge to petit larceny at the conclusion of
the evidence.

Costco Administration Clerk Fonda Ingel, who handles all returned checks, testified that, "immediately" after receiving the check back, appellant was sent "a standard form letter" notifying her that the check had been returned. The notice was sent to the address printed on the check and appellant was called at the phone number printed on the check, but the call was not answered. Ms. Ingel also stated that the initial letter "did not come back to" Costco. She testified that on January 18 she made a second call to appellant's home, which was also not answered, and sent a second letter to appellant. On January 27, a third call was made to appellant's home and a message was left on appellant's answering machine. Ms. Ingel testified that no one ever got back to her as a result of that call. Finally, on February 4, a certified letter was sent to the address printed on appellant's check. The envelope, which was admitted into evidence without objection, was returned to Costco with the notation: "Moved Left No Address."

The Commonwealth also introduced into evidence appellant's prior misdemeanor bad check conviction under Code § 18.2-181 and a prior felony embezzlement conviction under Code § 18.2-111.

Testifying in her own defense, appellant admitted writing the check to Costco on December 24, 2004 and that the phone number and address printed on the check were correct at the time she wrote it. Appellant testified, however, that she "believe[d] at the time [she] had sufficient funds in [her] account to pay it." She also testified that she subsequently moved from the address printed on the check around January 18, 2005 and maintained that she left a forwarding address with the post office at some point in time after her move. According to appellant's testimony, she was served with a warrant for felony bad check, pursuant to Code § 18.2-181, on or about April 28, 2005. She testified that she then paid the amount of the check around the first week of May, 2005 but claimed that she had not received prior notice of the bad check and did not know she had written a bad check prior to being served.

Upon cross-examination, appellant admitted that her phone number had stayed the same even after her move, but testified that she never received any message from Costco. She also testified that she never received any of the letters from Costco despite the fact that her husband "was back and forth" to the original house.

Upon consideration of this evidence, the trial court found appellant guilty of petit larceny, a misdemeanor, and sentenced her to 12 months in jail with all but four of those days suspended, to be served on consecutive weekends, and unsupervised probation for a period of twelve months. In issuing its ruling, the court noted the following as the basis for its decision:

> I was impressed by the significant efforts that went beyond the Statute, trying to make phone calls, trying to contact people, sending them letters, sending them certified letters. That is an awful lot for Costco to have done.
>
>    *    *    *    *    *    *    *
>
> . . . [I]t seems to me that the law takes the next logical step and that says, well, we have required [the payee] to notify [the payer] to let them know [that the check has bounced] so they can come by and make it good in case there was a lack of criminal intent at the time the check was written.

## STANDARD OF REVIEW

> "On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it."

Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987) (citing Code § 8.01-680)).

Further, the Supreme Court has noted that "[g]reat deference must be given to the factfinder who, having seen and heard the witnesses, assesses their credibility and weighs their

testimony." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1988). See also

Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

ANALYSIS

Appellant argues that the evidence is insufficient to prove either that she knew or should

have known that there were insufficient funds in her account when she wrote the check or that

the statutory presumption of intent was adequately raised.

This Court has stated, "Under the bad check statute, the gravamen of the offense is the

intent to defraud." Sylvestre v. Commonwealth, 10 Va. App. 253, 258-59, 391 S.E.2d 336, 339

(1990). However, as the Commonwealth has noted, because "the drawer's state of mind is

difficult to prove," Bagheri v. Commonwealth, 12 Va. App. 1071, 1074, 408 S.E.2d 259, 260

(1991), the legislature has created "rule[s] of evidence upon which the Commonwealth may rely

in facilitating proof of the fraudulent intent." Bray v. Commonwealth, 9 Va. App. 417, 423, 388

S.E.2d 837, 840 (1990). Strict compliance with the requirements of the statute will therefore

raise the presumption of intent to defraud.

Appellant argues that, because the certified letter was returned to Costco, there is no

evidence that appellant received notice of the bad check and, therefore, there can be no

presumption of intent to defraud under Code § 18.2-183. The relevant portion of the statute

reads:

> In any prosecution or action under [Code § 18.2-181], the
> . . . uttering . . . of a check . . . payment of which is refused by the
> drawee because of lack of funds . . . shall be prima facie evidence
> of intent to defraud . . . unless such maker . . . shall have paid the
> holder thereof the amount due thereon . . . within five days after
> receiving written notice that such check . . . has not been paid to
> the holder thereof. . . .
>
> If such check . . . shows on its face a printed or written address . . .
> of the maker . . . then the foregoing notice, when sent by certified
> or registered mail to such address, with or without return receipt
> requested, shall be deemed sufficient and equivalent to notice

- 4 -

> having been received by the maker or drawer, *whether such notice*
> *shall be returned undelivered or not.*

(Emphasis added).

The emphasized portion of Code § 18.2-183 grants the Commonwealth prima facie evidence of an intent to defraud. Accordingly, under the facts of this case, that presumption arises and actual receipt of the letter need not be shown.[2]

With that presumption established, the inquiry now becomes whether it has been rebutted by appellant. See Patterson v. Commonwealth, 216 Va. 306, 308, 218 S.E.2d 435, 436 (1975). Appellant's only evidence purporting to rebut the statutory presumption of intent is her testimony that she believed that she had sufficient funds in her account to cover the check to Costco. As this Court has stated, "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal [her] guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). The trial court's statements demonstrate that precisely such a determination was made in this case.

The court properly weighed appellant's statements against the other evidence that Costco attempted numerous times, by phone and by mail, to contact appellant, both before and after her move, with no response. The trial court also considered appellant's prior convictions and their weight on both the credibility of her statements and on her actions. Finally, the trial court

---

[2] Appellant relies on Sylvestre, 10 Va. App. 253, 391 S.E.2d 336, for the proposition that actual receipt of notice was required for the presumption to attach. However, Sylvestre can be distinguished from the instant case on the grounds that, in Sylvestre, the Court found that there was no notice because the evidence at trial consisted solely of testimony that a letter had been sent to appellant, with no evidence as to its contents. The Court stated, "The trier of fact could only speculate what the envelope contained. For the presumption of fraudulent intent to arise, the requirements of the statute must be met by admissible evidence, not by speculation or suspicion." Id. at 258, 391 S.E.2d at 339. In this case, the court did not have to speculate, as the letter contained in the envelope sent by certified mail was described by the testimony of Ms. Ingel.

considered evidence of appellant's conduct, specifically that she made no efforts to repay the bad check until after she was served with a warrant, more than four months after she wrote it. The combined weight of this evidence supports the trial court's interpretation.

For the above reasons, we find that the trial court's ruling was not plainly wrong and that the evidence was sufficient to support it.

<u>Affirmed.</u>