COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Senior Judge Coleman
Argued at Richmond, Virginia


MICHELLE DIANE LINDSEY

MEMORANDUM OPINION[*] BY
v.        Record No. 1494-06-2              JUDGE ROBERT P. FRANK
DECEMBER 27, 2007

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF POWHATAN COUNTY
Thomas V. Warren, Judge

Andrew G. Wiggin (Andrew G. Wiggin, P.C., on brief), for
appellant.

Donald E. Jeffrey, III, Assistant Attorney General (Robert F.
McDonnell, Attorney General; Karen Misbach, Assistant Attorney
General II, on brief), for appellee.


Michelle Diane Lindsey, appellant, was convicted in a jury trial of issuing a bad check in

violation of Code § 18.2-181.  On appeal, she contends the trial court erred in:  1) allowing her

husband to testifiy against her, and 2) allowing her husband to reveal information that is

protected by the marital privilege, both in violation of Code § 19.2-271.2.  Finding the trial court

erred, we reverse and remand.

BACKGROUND

In accord with settled standards of appellate review, we view the evidence in the light

most favorable to the Commonwealth, the party prevailing below.  Yopp v. Hodges, 43 Va. App.

427, 430, 598 S.E.2d 760, 762 (2004).  So viewed, the evidence proves that Floyd Lindsey

(husband) opened a checking account in his name only at the Central Virginia Bank on April 11,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

2005 with an initial deposit of $100. The only other deposit to the account was $40 on April 14. The bank closed the account on April 26, 2005 and sent a certified letter of notification to husband. During the time the account was open, checks totaling $7,851.95 had been written on that account.

On August 15, 2005 appellant opened a checking account at the Powhatan Bank for H.E., an individual for whom she held power of attorney. On August 17, 2005, appellant deposited check number 542, made payable to H.E. and drawn on husband's closed Central Virginia Bank account, into this new account. The check contained husband's name on the signature line. Husband testified he neither wrote nor signed the check, and he had no knowledge that the check would be written by appellant.

At trial appellant objected to husband testifying, arguing that appellant was not charged with "forgery or uttering" and therefore the Commonwealth was precluded from calling husband as a witness pursuant to Code § 19.2-271.2. Citing Code § 19.2-271.2 subsection (i) (where the accused is charged with an offense committed by one spouse against the other), and subsection (ii) (where the accused is charged with forgery or uttering), the court ruled that husband was allowed to testify as an exception to the rule granting spousal immunity.

This appeal follows.

## ANALYSIS

## ADVERSE SPOUSAL TESTIMONIAL PRIVILEGE[1]

Code § 19.2-271.2 provides that, except in certain kinds of prosecutions, one spouse cannot be "compelled to be called as a witness against the other" in a criminal case.

> In criminal cases husband and wife shall be allowed, and, subject
> to the rules of evidence governing other witnesses, may be

---

[1] The first paragraph of Code § 19.2-271.2 addresses the "adverse spousal testimonial privilege." The second paragraph is referred to as the "interspousal confidential communication privilege."

compelled to testify in behalf of each other, but neither shall be compelled to be called as a witness against the other, except (i) in the case of a prosecution for an offense committed by one against the other, against a minor child of either, or against the property of either; (ii) in any case where either is charged with forgery of the name of the other or uttering or attempting to utter a writing bearing the allegedly forged signature of the other; or (iii) in any proceeding relating to a violation of the laws pertaining to criminal sexual assault (§§ 18.2-61 through 18.2-67.10), crimes against nature (§ 18.2-361) involving a minor as a victim and provided the defendant and the victim are not married to each other, incest (§ 18.2-366), or abuse of children (§§ 18.2-370 through 18.2-371). The failure of either husband or wife to testify, however, shall create no presumption against the accused, nor be the subject of any comment before the court or jury by any attorney.

Except in the prosecution for a criminal offense as set forth in (i), (ii) or (iii) above, in any criminal proceeding, a person has a privilege to refuse to disclose, and to prevent anyone else from disclosing, any confidential communication between his spouse and him during their marriage, regardless of whether he is married to that spouse at the time he objects to disclosure. For the purposes of this section, "confidential communication" means a communication made privately by a person to his spouse that is not intended for disclosure to any other person.

Code § 19.2-271.2.

The issue before us is whether the trial court properly applied the Code § 19.2-271.2 exceptions to this case. Appellant first argues that exception (i) does not apply because husband was not the victim of this offense.[2] We agree with appellant.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). However, "[b]y definition,

---

[2] The Commonwealth acknowledges on brief that, although harmless, the trial court likely erred in ruling that husband's testimony was admissible pursuant to subsection (i). However, we are not bound by a party's concessions of law. Cofield v. Nuckles, 239 Va. 186, 194, 387 S.E.2d 493, 498 (1990). See also Cross v. Commonwealth, 49 Va. App. 484, 494, 642 S.E.2d 763, 768 (2007).

when the trial court makes an error of law, an abuse of discretion occurs." Bass v. Commonwealth, 31 Va. App. 373, 382, 523 S.E.2d 534, 539 (2000).

We begin with the premise that a conviction under Code § 18.2-181, known as the bad check statute, requires proof of, among other things, "'the fraudulent intent of the drawer of the check.'" Sykes v. Commonwealth, 42 Va. App. 581, 586, 593 S.E.2d 545, 548 (2004) (quoting Sylvestre v. Commonwealth, 10 Va. App. 253, 258, 391 S.E.2d 336, 339 (1990)). Intent to defraud means that the accused intends to "'deceive another person, and to induce such other person, in reliance upon such deception, to assume, create, transfer, alter, or terminate a right, obligation or power with reference to property.'" Bray v. Commonwealth, 9 Va. App. 417, 422, 388 S.E.2d 837, 839 (1990) (quoting Black's Law Dictionary 381 (5th ed. 1979)). The inquiry, then, is who is the intended victim.

Code § 18.2-181 applies to bad checks given as present consideration, and excludes bad checks given as payment for past debts or gifts. Id. The statute also dictates that this offense be punished as larceny. To that end, the intended victim of a bad check is necessarily the one who, in reliance on the accused's deception, parts with something of value. Relevant to this case, the record establishes that appellant deposited a check bearing the name of H.E. and drawn on the closed account of husband, into a separate account set up in H.E.'s name.[3] Husband could not possibly be the victim under the facts presented here. He did not rely on appellant's deceit, as he testified that he had no knowledge that appellant had written the check. Nor was he defrauded. More importantly, husband parted with nothing of value because the bank had earlier closed his account. See Code § 8.3A-401(a) ("A person is not liable on an instrument unless (i) the person signed the instrument, or (ii) the person is represented by an agent or representative who signed

---

[3] We need not consider whether the check was for present or past consideration, as this issue is not before us.

the instrument . . . .").  Thus, as husband was not the victim of the offense, Code § 19.2-271.2(i) does not apply.

Appellant next argues that because she was not charged with "forgery or uttering," the subsection (ii) exception does not apply.[4]  The Commonwealth contends that appellant was, in fact, charged with uttering and that husband's testimony was properly allowed.

Appellant was charged with writing a bad check in violation of Code § 18.2-181, which states in relevant part:

> Any person who, with intent to defraud, shall make or draw or utter or deliver any check, draft, or order for the payment of money, upon any bank, banking institution, trust company, or other depository, knowing, at the time of such making, drawing, uttering or delivering, that the maker or drawer has not sufficient funds in, or credit with, such bank, banking institution, trust company, or other depository, for the payment of such check, draft or order, although no express representation is made in reference thereto, shall be guilty of larceny . . . .

We note that Code § 19.2-271.2 permits compelled testimony against those charged with "forgery of the name of the other or uttering or attempting to utter *a writing bearing the alleged forged signature of the other . . . .*"  (Emphasis added).  Appellant was not charged with uttering a writing bearing the forged signature of her spouse.  She was indicted for uttering a check with "insufficient funds."  While the former is an offense in violation of Code § 18.2-172,[5] the latter violates Code § 18.2-181.

---

[4] A "charge," as defined by Black's Law Dictionary 248 (8th ed. 2004), is a "formal accusation of an offense as a preliminary step to prosecution . . . ." Coles v. Commonwealth, 44 Va. App. 549, 558, 605 S.E.2d 784, 788 (2004).

[5] Code § 18.2-172 reads in relevant part:

> If any person forge any writing . . . to the prejudice of another's right, or utter, or attempt to employ as true, such forged writing, knowing it to be forged, he shall be guilty of a Class 5 felony.

> "We must . . . assume that the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute." Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990). In sum, "'[c]ourts are not permitted to rewrite statutes. This is a legislative function. The manifest intention of the legislature, clearly disclosed by its language, must be applied. There can be no departure from the words used where the intention is clear.'" Id. (quoting Anderson v. Commonwealth, 182 Va. 560, 566, 29 S.E.2d 838, 841 (1944)).

Epps v. Commonwealth, 47 Va. App. 687, 707-08, 626 S.E.2d 912, 921 (2006) (*en banc*), aff'd, 273 Va. 410, 641 S.E.2d 77 (2007).

Consistent with subsection (i), we find that subsection (ii) contemplates only those instances where one spouse is the victim of a forging or uttering offense against the other spouse. For any uttering offense to fall within the protections of the spousal privilege is to read the statute too broadly. We conclude that the statutory requirements of Code § 19.2-271.2(ii) are met only when the Commonwealth specifically charges forgery, or uttering, or attempting to utter a document bearing the alleged forged name of the spouse. In this case, appellant was not so charged and the Code § 19.2-271.2(ii) exception does not apply to her.

INTERSPOUSAL CONFIDENTIAL COMMUNICATION PRIVILEGE

Finally, appellant argues that the trial court erred by allowing her husband to testify concerning a "marital communication." Appellant's opening brief fails to develop this argument, citing no legal authority in support of the argument, and pointing to no specific testimony that she contends was a marital communication. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Rule 5A:20(e) bars us from addressing any issues unsupported by authority. Epps, 47 Va. App. at 718, 626 S.E.2d at

926.  Thus, we need not consider this argument.  <u>Theismann v. Theismann</u>, 22 Va. App. 557, 572, 471 S.E.2d 809, 816, <u>aff'd on reh'g en banc</u>, 23 Va. App. 697, 479 S.E.2d 534 (1996).

<u>CONCLUSION</u>

For the foregoing reasons, we find the trial court erred in allowing husband to testify.  Accordingly, we reverse and remand for further proceedings if the Commonwealth be so advised.

<u>Reversed and remanded.</u>