COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Felton, Senior Judges Annunziata and Fitzpatrick
Argued at Alexandria, Virginia

ECKLE GLADEY PENLEY, JR.

OPINION BY
v.      Record No. 3067-06-4                    JUDGE ROSEMARIE ANNUNZIATA
                                                JANUARY 22, 2008
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                  Joseph E. Spruill, Jr., Judge Designate

      James J. Ilijevich for appellant.

      Craig W. Stallard, Assistant Attorney General (Robert F. McDonnell,
      Attorney General, on brief), for appellee.


      Appellant was convicted in a jury trial of obtaining utility service by fraud in violation of

Code § 18.2-187.1.  He contends that the evidence was insufficient to prove that he obtained

utility services valued at more than $200 and that the trial court erred when it failed to strike the

Commonwealth's case.  We agree and reverse appellant's conviction.

                                    Background

      The facts are not in dispute.  On April 29, 2005, a Dominion Virginia Power

("Dominion") employee, Carl Wohlleb, visited appellant's house to determine whether

electricity continued to be used following an earlier meter removal.  Wohlleb discovered that an

illegal meter had been installed at appellant's house.  Appellant asked Wohlleb to "look the other

way and leave the meter in place."  When Wohlleb refused, appellant told Wohlleb to get off his

property.

      Wohlleb went to his car and called a serviceman to disconnect the power at the pole that

supplied power to the illegal meter.  He also called the police.

Officer Matt Connelly arrested appellant for utility fraud. Subsequently, appellant admitted that his power had been turned off on April 5, 2005, that he owed Dominion $1,200, and that he had "incurred three hundred dollars since then."

Kevin Woolridge, a Dominion employee, testified that the power provided to appellant between April 5, 2005 and April 29, 2005 was valued at $82.29. Woolridge also testified the following costs were associated with appellant's service, and the court included them in its calculation of the value of the services appellant had wrongfully obtained:

| | |
|---|---|
| a. Fee to turn off meter on April 5, 2005 | $34.12 |
| b. Fee for service investigator visit (Wohlleb) | $34.48 |
| c. Fee for service technician to turn off power at pole | $75.00 |
| d. Monthly flat fee for being a Dominion Power customer | $ 7.00 |
| e. Utility and taxes | $ 4.67 |

Concluding that the value of the services appellant fraudulently obtained from the power company was greater than $200, the court denied appellant's motion to strike the Commonwealth's case.

<u>Analysis</u>

Appellant argues the "value of service, credit or benefit procured" under Code § 18.2-187.1(D) only includes the value of the electrical current received. On that ground, he argues that the Commonwealth failed to prove the value of the services he fraudulently obtained was greater than $200. He reasons that Code § 18.2-187.1 makes a distinction between "value of services received" and "costs" and that the latter are only recoverable as restitution. We agree.

Code § 18.2-187.1 provides, in relevant part:

> B. It shall be unlawful for any person to obtain or attempt to obtain oil, electric, gas, water, telephone, telegraph, cable television or electronic communication service by the use of any scheme, device, means or method, or by a false application for service with intent to avoid payment of lawful charges therefor.

* * * * * * *

D. Any person who violates any provisions of this section, if the value of service, credit or benefit procured is $ 200 or more, shall be guilty of a Class 6 felony; or if the value is less than $ 200, shall be guilty of a Class 1 misdemeanor. In addition, the court may order restitution for the value of the services unlawfully used and for all costs. Such costs shall be limited to actual expenses, including the base wages of employees acting as witnesses for the Commonwealth, and suit costs. However, the total amount of allowable costs granted hereunder shall not exceed $ 250, excluding the value of the service.

In Lund v. Commonwealth, 217 Va. 688, 232 S.E.2d 745 (1977), the Supreme Court of Virginia held that the common law offense of larceny did not include the theft of computer time or services. In response to Lund, the General Assembly enacted Code § 18.2-98.1 and several related statutes, including Code § 18.2-187.1, to include certain services as the subject of larceny. Sylvestre v. Commonwealth, 10 Va. App. 253, 256, 391 S.E.2d 336, 338 (1990). See also Jha v. Commonwealth, 18 Va. App. 349, 354, 444 S.E.2d 258, 261 (1994) (valuing fraudulently obtained phone services collectively and analogizing them to a "series of larcenous acts").

We hold that the offense created under Code § 18.2-187.1 is a species of larceny. As such, the "value of service, credit or benefit procured" is to be measured at the time the services were taken. See Parker v. Commonwealth, 254 Va. 188, 121, 489 S.E.2d 482, 483 (1997) ("The value of the stolen property is measured as of the time of the theft[.]"). Applying this analysis to the facts before us, the value of the services appellant "took" is limited to the electrical current he used, and not the costs incurred by the power company as a result of the theft. See also Dimaio v. Commonwealth, 46 Va. App. 755, 765, 621 S.E.2d 696, 701 (2005) ("[T]he cost of producing the stolen items was not the proper method of valuation, but rather the actual value was the proper measure." (citing Lund, 217 Va. at 692, 232 S.E.2d at 748)). The Commonwealth's argument that the court properly considered the additional expenses charged to appellant's

- 3 -

account because such expenses would be charged "to any customer . . . whose power was being disconnected[,]" and because they were "a direct result of the illegal actions of Penley," is not consistent with these well-established common law principles governing the prosecution of larceny offenses.

Any additional "costs" incurred by the electric company as a result of the theft must be excluded from the court's calculation of value. Accordingly, the trial court erred in denying appellant's motion to strike the Commonwealth's case because the evidence failed to establish that the value of services obtained was $200 or more. Consistent with Commonwealth v. South, 272 Va. 1, 630 S.E.2d 318 (2006), we remand solely for a new sentencing proceeding on appellant's misdemeanor violation of Code § 18.2-187.1, as the elements of this lesser-included offense have already been proven beyond a reasonable doubt in the trial court.

Reversed and remanded.