UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges Athey, White and Frucci


STANLEY CALVIN FRANCIS, JR.

              MEMORANDUM OPINION[*]
v.  Record No. 0213-24-3          PER CURIAM
                OCTOBER 8, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRY COUNTY
James R. McGarry, Judge

(Lauren E. Brice, Assistant Public Defender; Virginia Indigent
Defense Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Melanie D. Thompson,
Assistant Attorney General, on brief), for appellee.


Following a bench trial, the circuit court convicted Stanley Calvin Francis, Jr., of

construction fraud in violation of Code § 18.2-200.1 and felony failure to appear.[1] The circuit court

sentenced Francis to eight years of imprisonment with six years and nine months suspended.

Appealing the construction fraud conviction, Francis argues that the Commonwealth failed to prove

that he possessed the requisite fraudulent intent. Upon examination, the panel unanimously holds

that oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a). Thus, finding no error, we affirm the circuit court's judgment.

BACKGROUND

On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth."

*Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc) (quoting *Commonwealth v.*

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Francis pled guilty to the felony failure to appear.

*Hudson*, 265 Va. 505, 514 (2003)). That principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

On July 13, 2017, Francis signed a contract with Lizzie Delong to build a front porch on her home in Henry County. The contract terms were for Delong to pay Francis $3,800. The estimated completion date was August 15, 2017.

On July 14, 2017, Delong made her initial payment to Francis by check for $1,400. That day, Francis removed the gutter and soffit from the front of Delong's house. On July 20, 2017, at Francis's request, Delong made a second payment by check for $1,200. At some point, Francis brought materials for the project and left them outside Delong's home with a tarp over them. Sometime between July 14-26, 2017, Delong gave Francis a "truckload" of her deceased husband's tools to reduce the price of the project by $400.

On July 26, 2017, Delong obtained and paid for the building permit for the porch construction because Francis was not a licensed contractor. Francis then signed an agreement that if the project did not "pass code" he would hire someone to complete the work at no expense to Delong. On that date, Delong wrote Francis a third check for $250 for a separate, unrelated project at her home. Also on July 26, 2017, a man working with Francis at Delong's home dug three holes and put cement in them. Francis said that he "would be back on Monday to work on the porch." Francis never returned to Delong's house.

When Delong and her daughter repeatedly called Francis about the lack of progress on the job, he claimed that he was coming to work on the project "in about two or three days or maybe the next day" but he did not appear. After Francis continuously failed to show up, Delong contacted the

Henry County Sheriff's Office.[2]  Lieutenant Keller visited Delong's home five or six times and contacted Francis by telephone several times.  Every time Lieutenant Keller spoke with Francis he would give "multiple excuses" as to why he could not work on the project that day and that he would be there "tomorrow."  Eventually, Lieutenant Keller informed Francis that he would need to proceed with the investigation (i.e., press charges) if Francis did not complete the project or return the funds to Delong.  Francis never completed the project and did not return any funds to Delong.

On August 16, 2017, Delong sent Francis a letter by certified mail demanding that he return her money and repair the gutter on the house.  Delong sent the letter to the address Francis provided on the contract.  The letter was returned as "insufficient address."  Delong had to hire another contractor to repair the gutter and soffit on the front of her house before she ultimately hired someone to build the porch.  All the materials that Francis left outside under the tarp were unsalvageable due to weather exposure with the exception of "three big posts."

At trial, Francis said that he removed Delong's gutter and soffit in preparation of installing the new porch.  He stated that he bought $1,400 worth of materials to complete the project, had them delivered for the job, hired labor to dig the post holes at the site, and filled them with concrete.  He claimed that initially car trouble kept him from traveling to Delong's home to finish the job.  Francis said he could not return the money Delong paid him because he had spent the money on materials.[3]  Francis said the address on the contract was his physical address, but he claimed that he

---

[2] Delong was put in contact with Lieutenant Jason Keller, who worked in the investigations division of the Henry County Sheriff's Office.

[3] Francis testified that he spent the $1,400 check at Lowe's on materials.  It is unclear how he spent the remaining $1,200.

never received Delong's demand letter. Francis admitted to having prior convictions for felonies and a misdemeanor involving moral turpitude.[4]

Rejecting Francis's argument that he had no intent to defraud Delong, the circuit court convicted him of construction fraud. Francis appeals.

ANALYSIS

Francis challenges the sufficiency of the evidence to sustain his conviction for construction fraud. "When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one." *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024). "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680). "Thus, 'it is not for this [C]ourt to say that the evidence does or does not establish [the defendant's] guilt beyond a reasonable doubt because as an original proposition it might have reached a different conclusion.'" *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (alterations in original) (quoting *Cobb v. Commonwealth*, 152 Va. 941, 953 (1929)).

The only relevant question for this Court on review "is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan v.*

---

[4] Francis initially stated that he had never been convicted of "any misdemeanors involving lying, cheating or stealing," but later admitted to being convicted of the misdemeanor of giving a false name to a law enforcement officer. When pressed on the issue he stated, "I gave a false name . . . but I didn't know it was lying."

*Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

To establish the crime of construction fraud under Code § 18.2-200.1,

> the Commonwealth had to prove that [Francis]: (1) obtained an advance of money from another person, (2) with fraudulent intent at the time the advance was obtained, (3) made a promise to perform construction or improvement involving real property, (4) failed to perform the promise, and (5) failed to return the advance "within fifteen days of a request to do so by certified mail" to [his] last known address or his address listed in the contract."

*McCary v. Commonwealth*, 42 Va. App. 119, 126 (2003) (quoting *Klink v. Commonwealth*, 12 Va. App. 815, 818 (1991)).

Francis argues that the Commonwealth's evidence was insufficient to prove that he had the intent to defraud Delong. "It is well established that to be guilty of construction fraud, the defendant must have the intent to defraud at the time the advance of money is received." *Bottoms v. Commonwealth*, 281 Va. 23, 35 (2011). "The 'intent to defraud means that the defendant intends to deceive another person, and to induce such other person, in reliance upon such deception, to assume, create, transfer, alter or terminate a right, obligation or power with reference to property.'" *Warner v. Commonwealth*, 30 Va. App. 141, 146 (1999) (quoting *Sylvestre v. Commonwealth*, 10 Va. App. 253, 258-59 (1990)). "In construction fraud cases, as in all other fraud cases, fraudulent intent can be inferred from 'the conduct and representations of the defendant.'" *Dennos v. Commonwealth*, 63 Va. App. 139, 145 (2014) (quoting *Rader v. Commonwealth*, 15 Va. App. 325, 329 (1992)). This is so because "intent is a secret operation of the mind." *Austin v. Commonwealth*, 60 Va. App. 60, 66 (2012) (quoting *Orr v. Commonwealth*, 229 Va. 298, 301 (1985)). "Circumstances implying fraudulent intent include a contractor's false statements . . . subsequent failure to perform the work . . . efforts to avoid communicating with the homeowner . . . and refusal to return the advanced funds . . . ." *Dennos*, 63 Va. App. at

- 5 -

145-46. "[W]hether the required intent exists is generally a question of fact for the trier of fact." *Brown v. Commonwealth*, 68 Va. App. 746, 787 (2018) (alteration in original) (quoting *Nobles v. Commonwealth*, 218 Va. 548, 551 (1977)).

"It is apparent from reason and common sense that construction fraud can occur despite the fact that a builder or contractor begins to perform on the contract." *Holsapple v. Commonwealth*, 266 Va. 593, 601 (2003) (quoting *Holsapple v. Commonwealth*, 39 Va. App. 522, 537 (2003) (en banc)). "The relevant question is whether a builder or contractor obtained an advance based upon future work promised with a fraudulent intent not to perform or to perform only partially, not whether the contractor had performed work for which he was paid." *Id.* at 601-02 (quoting *Holsapple*, 39 Va. App. at 537).

In finding Francis guilty, the circuit court rejected his claim that he had no intent to defraud Delong. "[T]he credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination." *Fletcher v. Commonwealth*, 72 Va. App. 493, 502 (2020) (quoting *Crawley v. Commonwealth*, 29 Va. App. 372, 375 (1999)). We give deference to these findings "because the fact finder 'has the unique opportunity to observe the demeanor of the witnesses as they testify.'" *Washington v. Commonwealth*, 75 Va. App. 606, 616 (2022) (quoting *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015)). In addition, "[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)). The circuit court could also consider Francis's prior felony convictions in assessing his credibility. *See* Code § 19.2-269.

Francis's actions and statements proved he intended to defraud Delong when he accepted the down payment from her. On July 13, 2017, Francis and Delong signed a written agreement for him to build a front porch at her home for $3,800. The estimated completion date was August 15, 2017. Delong gave Francis a check for $1,400, then paid him $1,200 several days later as he asked. Francis removed the gutter and soffit from the front of the home, purchased some materials, dug three post holes and filled them with cement, then stopped work altogether. When Delong contacted Francis, he made excuses and promised to show up and complete the job, but he never did. By certified letter, Delong demanded that Francis return her money; Delong mailed the letter to the address on the contract, where Francis stated that he lived, but the letter was returned from the post office for "insufficient address." Eventually, Francis refused to answer Delong's phone calls. He never returned to Delong's home or repaid her any of her money. Considering the facts and circumstances, a reasonable finder of fact could conclude beyond a reasonable doubt that Francis possessed fraudulent intent when he accepted Delong's down payment and that he was guilty of construction fraud.

CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*